We'll move now to case number four, Antoinette Wonsey v. City of Chicago. Appeal number 19-1171. We'll begin with Mr. Gilbert. Thank you, Your Honors. Brian Gilbert for Antoinette Wonsey, Plaintiff Appellant. There are two core reasons we believe the District Court erred in this manner in granting defendants' motion for summary judgment. First, there are several material disputes of fact about whether, on June 4th, 2016, Sgt. Valentin of the City of Chicago Police Department obtained consent to enter Ms. Wonsey's home from two unidentified young males. Second issue is that on June 9th, 2016, defendants should not be protected by qualified immunity because they did not reasonably rely upon the City of Chicago building inspectors when entering the home. And determining that there were exigent circumstances. The difficulty, Mr. Gilbert, that we have is those could have been the point headings in your brief, and they're not. I mean, the principle brief we received from you is not that. How are we to deal with this argument about forfeiture as a result of insufficiency in your principle brief? Well, we do in the principle brief address the issue of consent on June 4th. And I think while I'm elaborating on that basic principle in the oral argument and we did in our reply, that is still the core of our issue that we're questioning is whether Sgt. Valentin had obtained consent on June 4th to enter the property. And our argument essentially is that the totality of the circumstances lead a jury to infer that proper consent was not provided. This is based on the fact that Sgt. Valentin did not obtain the names of the two individuals that he claims to have obtained consent from. The Illinois v. Rodriguez case states the type of inquiry that an officer should be expected to perform. The core of that is first determining who it is that is giving consent. The officer in that case. Where do you argue this in your brief? This is in the reply brief, Your Honor. I don't see anything about challenging that in your opening brief, which is where you're supposed to put the arguments. Sure, Your Honor. We did certainly elaborate in the initial brief. We do state that there are disputes of fact about the issue of Sgt. Valentin's entrance. We do not state Illinois v. Rodriguez in that case. And we do list out the statement of facts outlining that there were two unidentified males that consented to the initial entry on June 4th. So I think without citing, we brought up the issue of these two unidentified males and then provided additional legal support in our reply brief for why that is not sufficient consent. The challenge we have here is the principal brief is one where almost all of these two pages are directly lifted from this law review article. It's not cited. The response brief goes into great detail as to the issues that the blue brief has. Another issue is there's a certification that Rule 30 has been complied with that the district court decision making was added, but there is no actual compliance under the Bolio case, B-O-L-I-A-U-X. It's another issue. Sure. I understand that there was an oversight on the law review article. I do believe the core of the argument is still based on the applicable case law about the necessary inquiry that needs to be made to obtain consent into the property as for June 4th and that we'd ask the court to use whatever discretion it might have to interpret our brief in that manner. What about the failure to include the district court's decision? We did attach in our appendix the district court's ruling in the underlying case that's met in our initial brief. It's Appendix 1 with the opinion and order of the district court judge. Do you wish to reserve your rebuttal? I do. I would like to address the June 9th incident quickly and the qualified immunity argument of the defendants. The court relies on the Flatford case in determining that qualified immunity could lead a police officer to reasonably rely upon a city inspector's authorization to enter the property. We, in our reply brief, distinguish between Flatford and the facts present in this case. The primary difference is that the city inspector in the city of Monroe where the Flatford case took place first went to a court to obtain an inspection warrant in order to enter the property. Therein they found code violations that constituted the need to come back with police officers and evacuate the property. Here there was never an inspection warrant ever issued. Ms. Wanzi's affidavit clearly disputes that consent was given to the inspectors on the morning of June 9th allowing them to enter the property. The record indicates that there was a gesture, but without further facts indicating what type of gesture that was, that should not constitute consent. And furthermore, Officer Carradine's deposition states that the reason for entry was based on Ms. Wanzi's irate behavior and not because of the code violations. So his own recognition of his reliance was not based on the basis that the court said he entered into the property, but was based on another reason. And it's our position that Ms. Wanzi's behavior, which she has disputed, does not constitute an emergent circumstance for the purpose of Officer Carradine entering the property and that the court's stated purpose in the opinion, which was that he entered the property reasonably relying upon the damage that the building could cause to tenants at the property, is not his actual stated purpose. His stated purpose to enter the property was to protect the city inspector, Marlene Hopkins, from Ms. Wanzi's irate behavior.  Ms. Wanzi, in her deposition in Aft David, states that she was not irate and she was in pink pajamas and had really no way of posing a threat to the inspectors, and therefore the basis and reliance for qualified immunity should not stand here, and the Flatford case is not analogous to this case. You may reserve the remainder of your time. I will. We'll now move to the city. Mr. Collins. May it please the court. The district court correctly granted summary judgment to the officers. First, just as a preliminary matter, as the court is aware, we argued in our brief that Ms. Wanzi forfeited her appeal by failing to make a proper argument, and unless the court has any questions about forfeiture, we'll rest on our brief. Turning to the merits, Ms. Wanzi's complaint asserts a claim for unreasonable seizure, but she does not press that claim on appeal, not even belatedly in her reply brief. With respect to her search claims, the district court correctly granted summary judgment on the claim arising from the June 4th encounter. That day, Sergeant Valentin obtained consent from Ms. Wanzi's guests to enter, and that consent defeats the unreasonable search claim for that day. With respect to June 9th, the officers are entitled to qualified immunity. Ms. Wanzi consented to the building inspector's entry into her house, and the officers in turn entered only when the inspectors asked for the officers' assistance. Is there any evidence in the record from below that she did not consent to the building officer's entry into the home? I think counsel just said there was evidence of that from her affidavit or her deposition. I didn't see that. Your Honor, I refer to the party's joint statement of undisputed facts, so at the stage of summary judgment, the parties agreed that these were undisputed facts. Paragraph 37 indicates that Ms. Wanzi made a gesture that objectively indicated consent, so there's no disputed issue on this point. And since it's not clearly established that when an officer enters at the request of a building inspector whose lawfully present, Ms. Wanzi's unreasonable search claim for that day fails as well. If the court has no further questions for these reasons, the judgment of the district court should be affirmed. Thank you, Mr. Collins. Mr. Gilbert, rebuttal time. Very briefly on the issue of the gesture that was made, authorizing or not authorizing consent. The statement of the joint statement of facts did indicate that there was a gesture, but there was nothing in the statement of facts indicating that this gesture constituted an objective consent to enter the property. It's our position that a gesture could be a wave in or it could be a halt sign. And there's also video evidence in this case where you can actually see the gesture, and there's no clear evidence from the video that this gesture was some type of authorization for the inspectors to enter the property. Thank you, Mr. Gilbert. Thank you, Mr. Collins. The case will be taken under advisement.